MONTAGUE v. BEST.

FINDING that mortgage debt had not been paid in full, and that certain payments had not been directed to be applied to mortgage debt, affirmed.

Before J. E. McDONALD, special Judge, Barnwell, September, 1903. Affirmed.

Action in foreclosure by H. W. Montague against G. C. Best. The Circuit Judge, after stating the issues and disposing of several technical exceptions to report of master, not appealed from, passes on the merits in the following words:

"It appears that sundry payments were made either to W. P. Willcox, deceased, or to the plaintiff, as administrator, which credits were divided and apportioned among the different bonds and note. I do not find any sufficient testi-

mony to warrant me in finding that the defendant ever gave
specific directions as to the application of any of the pay-
ments made.   It was competent for him to have directed
certain payments to be applied to certain specific debts, but
the evidence fails to show that he gave any such directions,
or made any specific applications at the time of said payment.
The law is now well settled that if the debtor does not direct
the application at the time of payment, and unless it is a case
where the law itself will apply the payment, then the creditor
has the right to make the application to such debts and in
such proportion, as he may see proper.   I do not think,
therefore, that the master erred in the particular complained
of, inasmuch as the creditor had the right to make, and did
make, the application of payment, and the master, in making
his calculation of the amount due, gave to each debt the same
credit that had been applied to it by the creditor.   This
exception is, therefore, overruled.

"The other exceptions allege that the master erred in
regard to his finding of fact, as specified in the several excep-
tions.   I have given careful consideration to all of the testi-
mony taken by the master in this case.   The testimony is
conflicting.   The transactions between the plaintiff's intes-
tate and the defendant and his wife cover a period of from
twelve to fourteen years.   During that time annual state-
ments seem to have been made, or at least annual balances
of account were struck between W. P. Willcox, deceased,
and the defendant, G. C. Best, and his wife.   No written
agreement between W. P. Willcox, deceased, and the de-
fendant and his wife, to apply the whole of the rents of the
different tracts of land, or the rents or proceeds of sale of
Mrs. Best's property at Allendale, has been shown.   There
are many discrepancies in the testimony of the witnesses
offered by the defendant.   The master had all of the wit-
nesses before him, and had abundant opportunity for
observing their demeanor on the stand, and the manner in
which they gave their testimony.

"The master has made a well considered and elaborate

report, and there is abundant testimony to sustain each of his findings of fact.   I am unable to say, therefore, that he has found against the preponderance of the testimony.   While, therefore, I sympathize most earnestly with the defendant and his wife and family in the unfortunate condition in which they are involved, as shown by the facts in this case, still I am satisfied that the conclusions of the master are fully sustained by the testimony in the case, and that I should not disturb any of his findings of fact in this case.

"It is, therefore, ordered, adjudged and decreed, that the exceptions of the defendant be and are hereby overruled."

From this decree, the defendant appeals.

*Messrs. Robert Aldrich* and *B. T. Rice,* for appellant.

*Mr. I. L. Tobin,* contra.

June 22, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The facts in this case are fully set out in the report of the master and the decree of his Honor, the Circuit Judge.   The exceptions raise only questions of fact.   After carefully considering all the testimony in the case, the report of the master and the decree of the Circuit Court, we are satisfied that the decree should be affirmed and the exceptions overruled, for the reasons stated in the decree.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.